IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SAAD M. IBRAHIM,

       Petitioner,                                         06mc0210

   v.                                              **ELECTRONICALLY FILED**

UNITED STATES OF AMERICA,

       Respondent.

### Memorandum Opinion

Pending before this Court is Saad Ibrahim's (Petitioner's) Petition to Quash Summons (doc. no. 1) and the Government's (Respondent's) Motion to Dismiss Petition to Quash Summons (doc. no. 2). Petitioner seeks to have two administrative summons directed to PNC Bank and Northwest Savings Bank that sought records of the accounts in his name for 2004 quashed on the basis that Respondent has failed to make out a prima facie case for enforcement of an Internal Revenue Service (IRS) summons and on the basis of disparate treatment. In response, Respondent has filed a Motion to Dismiss the Petition to Quash Summons arguing *inter alia* that the IRS is authorized to summons and "examine any books, papers, records, or other data which may be relevant or material" to a particular tax inquiry (doc. no. 2, citing 26 U.S.C. § 7602(a)), and that the summonses show that material being sought "may be relevant or material" to a determination of Joseph A. Finkelpearl's tax liabilities for 2004.[1]

According to the Motion to Dismiss, Finkelpearl is the sole owner of Melwood Drug Company, in Pittsburgh, Pennsylvania. Records provided by Petitioner and Finkelpearl allegedly

---

[1] The United States may move to enforce a summons when it is challenged or it may move to dismiss the petition to quash. *Hogan v. United States*, 873 F.Supp. 80, 82 (S.D. Ohio 1994) (citations omitted). Respondent has moved to dismiss the petition for failure to state a claim, although it noted that it may file a petition to enforce the summonses at a later date.

reveal that Petitioner cashed over $1,200,000 worth of Melwood Drug Company business checks.  Respondent alleges that each check was in an amount less than ten thousand dollars, and that Finkelpearl and Petitioner have stated that Petitioner would turn over the cash to Finkelpearl so he could use it to cash his customers' checks.  The special agent issued these summonses to obtain the records to corroborate these statements.

      This Court finds that the IRS has complied with its need to show "that the investigation will be conducted pursuant to a legitimate purpose, *that the inquiry may be relevant to the purpose,* that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed." *United States v. Powell*, 379 U.S. 48, 57-58 (1964) (emphasis added).  Although the IRS is not required to make a particularized showing of relevance when it issues a summons, *United States v. Arthur Young & Co.,* 465 U.S. 805, 813 (1984), this Court finds that the IRS was well within its authority to summons these accounts as they may be "relevant" to a "legitimate" tax inquiry.

      Petitioner states in a conclusory fashion that the IRS has not complied with the above requirements without providing any factual support for these statements.  These statements, without more, do not state a claim upon which relief may be granted.  Therefore, this Court finds that Petitioner has set forth no grounds to support his Petition to Quash the Summons because Respondent has set forth a prima facie case for enforcement of the summonses, and Petitioner has not provided any evidence supporting his broad allegations of disparate treatment.

For these reasons, the Court will DENY the Petition to Quash Summons (doc. no. 1) and will GRANT the Motion to Dismiss the Petition to Quash Summons (doc. no. 2) for failure to state a claim upon which relief may be granted. An appropriate order follows.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All counsel of record